IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

| | |
|---|---|
| GEORGE WILSON<br>301 W. MADISON AVENUE #502<br>BALTIMORE, MD 21201<br><br>*Plaintiff*<br><br>v.<br><br>SOCIAL BICYCLES LLC<br>Serve On: THE CORPORATION TRUST<br>INC., RESIDENT AGENT<br>2405 YORK ROAD SUITE 201<br>LUTHERVILLE-TIMONIUM, MD 21093<br><br>and<br><br>UBER TECHNOLOGIES, INC. D/B/A<br>JUMP TECHNOLOGIES, INC.<br>Serve On: THE CORPORATION TRUST<br>INC., RESIDENT AGENT<br>2405 YORK ROAD SUITE 201<br>LUTHERVILLE-TIMONIUM, MD 21093<br><br>and<br><br>UBER USA, LLC.<br>Serve On: THE CORPORATION TRUST<br>INC., RESIDENT AGENT<br>2405 YORK ROAD SUITE 201<br>LUTHERVILLE-TIMONIUM, MD 21093<br><br>*Defendants* | CASE NO.:  TBD |

## COMPLAINT

COME NOW Plaintiff, GEORGE WILSON, through his attorneys, Robert K. Stegman III, Esq., and The Killian Law Group, LLC, and sues the Defendants SOCIAL BICYCLES LLC and UBER TECHNOLOGIES, INC. D/B/A JUMP TECHNOLOGIES, INC. (Herein after Uber Technologies, Inc.) and UBER USA, LLC and in support state as follows:

### JURISDICTION AND VENUE

1

Exhibit A

1. Venue is appropriate in Baltimore City, Maryland pursuant to MD. CODE ANN. CTS. & JUD. PROC. § 6-202 *et seq.* because this action in negligence occurred in Baltimore City, Maryland.

## THE PARTIES

2. Plaintiff is a resident of Baltimore City, Maryland.

3. Defendants are private transportation companies that are authorized to provide transportation in the State of Maryland including Baltimore City, Maryland.

## FACTUAL BACKGROUND

4. On or about May 8, 2019, the Plaintiff was the operator of an electric scooter that was owned and maintained by Defendants. The Plaintiff was proceeding at or near the intersection of Read Street and Park Avenue in Baltimore City, Maryland.

5. As the Plaintiff was proceeding, the Plaintiff attempted to stop the electric scooter by utilizing the brakes.

6. The Plaintiff was unable to stop the electric scooter due to the fact that the brakes on the electric scooter had malfunctioned or did not function properly.

7. As a result of the malfunctioning electric scooter brakes, the Plaintiff had to use his right foot to stop in order to avoid traffic, a pedestrian, or any other foreseeable danger that occurred.

8. The Plaintiff sustained injuries to his right foot and ankle as a result of the malfunctioning electric scooter brakes that necessitated subsequent medical attention. Additionally, Plaintiff underwent surgery to his right ankle with required surgery. As a result of the surgery, the Plaintiff suffered from pain and suffering and now existing scarring. The Plaintiff continues to feel pain and discomfort in his injured areas.

## COUNT I
## NEGLIGENCE
## PLAINTIFF v. DEFENDANT SOCIAL BICYCLES LLC

9. Plaintiff hereby incorporates by reference and re-alleges all paragraphs within this Complaint as if fully set forth herein.

10. Defendant had a duty to act reasonably and to maintain the electric scooters in which they were offering for individuals to rent from them.

At the time and date of the occurrence, Defendant breached that duty and was negligent in the following particular, among others:

a. Failure to maintain the brakes on the electric scooter in which the Plaintiff rented;

b. Failure to make repairs to the brakes on electric scooter in which the Plaintiff rented; and

c. Failure to inspect the electric scooter to ensure that they were in good working order for use by members of the general public;

d. Failure to provide adequate instruction to the general public on how to use the electric scooter;

e. Other acts of negligence not yet specified.

11. As a direct result of the electric scooters brake malfunction, Defendant's negligence caused Plaintiff to suffer physical injuries and conscious pain and suffering which he incurred medical expenses and other damages.

**WHEREFORE**, Plaintiff, demands judgment against Defendant SOCIAL BICYCLES LLC in an amount in excess of Seventy-Five Thousand Dollars (>$75,000.00), plus costs, pre-judgment interest and post-judgment interest.

### COUNT II
### NEGLIGENCE
### PLAINTIFF v. DEFENDANT UBER TECHNOLOGIES, INC.

12. Plaintiff hereby incorporates by reference and re-alleges all paragraphs within this Complaint as if fully set forth herein.

3

13. Defendant had a duty to act reasonably and to maintain the electric scooters in which they were offering for individuals to rent from them.

At the time and date of the occurrence, Defendant breached that duty and was negligent in the following particular, among others:

   a. Failure to maintain the brakes on the electric scooter in which the Plaintiff rented;

   b. Failure to make repairs to the brakes on electric scooter in which the Plaintiff rented; and

   c. Failure to inspect the electric scooter to ensure that they were in good working order for use by members of the general public;

   d. Failure to provide adequate instruction to the general public on how to use the electric scooter;

   e. Other acts of negligence not yet specified.

14. As a direct result of the electric scooters brake malfunction, Defendant's negligence caused Plaintiff to suffer physical injuries and conscious pain and suffering which he incurred medical expenses and other damages.

**WHEREFORE,** Plaintiff, demands judgment against Defendant UBER TECHNOLOGIES, INC. in an amount in excess of Seventy-Five Thousand Dollars (>$75,000.00), plus costs, pre-judgment interest and post-judgment interest.

**COUNT III**
**NEGLIGENCE**
**PLAINTIFF v. DEFENDANT UBER USA, LLC.**

15. Plaintiff hereby incorporates by reference and re-alleges all paragraphs within this Complaint as if fully set forth herein.

16. Defendant had a duty to act reasonably and to maintain the electric scooters in which they were offering for individuals to rent from them.

At the time and date of the occurrence, Defendant breached that duty and was negligent in the following particular, among others:

a. Failure to maintain the brakes on the electric scooter in which the Plaintiff rented;

b. Failure to make repairs to the brakes on electric scooter in which the Plaintiff rented; and

c. Failure to inspect the electric scooter to ensure that they were in good working order for use by members of the general public;

d. Failure to provide adequate instruction to the general public on how to use the electric scooter;

e. Other acts of negligence not yet specified.

17. As a direct result of the electric scooters brake malfunction, Defendant's negligence caused Plaintiff to suffer physical injuries and conscious pain and suffering which he incurred medical expenses and other damages.

**WHEREFORE,** Plaintiff, demands judgment against Defendant UBER USA, LLC in an amount in excess of Seventy-Five Thousand Dollars (>$75,000.00), plus costs, pre-judgment interest and post-judgment interest.

## COUNT IV
### PRODUCTS LIABILITY- DEFECT IN MANUFACTURE
### PLAINTIFF v. DEFENDANT SOCIAL BICYCLES LLC

18. Plaintiff hereby incorporates by reference and re-alleges all paragraphs within this Complaint as if fully set forth herein.

19. This Defendant is engaged in the design, manufacture, and sale/renting of rentable electric scooters for use by the general public, known as Jump Scooters.

20. On or about May 8, 2019, the Plaintiff rented a Jump Scooter owned by this Defendant.

21. The scooter rented by the Plaintiff was designed, manufactured, and rented by the Defendant.

22. The scooter was placed into the stream of commerce and rented by this Defendant in a defective and unreasonably dangerous condition in that the scooter contained a latent manufacturing flaw which resulted in the brakes failing to work when the Plaintiff applied them on or about May 8, 2019.

23. The scooter reached the Plaintiff without any substantial change in its condition and was in the same condition at the time of the injury herein alleged.

24. On or about May 8, 2019, while the Plaintiff was using the scooter in a foreseeable manner, the brakes failed to function properly, leading to the Plaintiff's injuries alleged herein.

25. The Plaintiff's injuries to his ankle occurred because of a defect in the manufacture of the scooter. If the scooter had not had the defect in manufacture alleged herein, Plaintiff's injuries would not have occurred.

26. As a result of the defect described above, Plaintiff suffered extreme pain and agony, which continues to the present and will continue to do so. The Plaintiff has incurred medical expenses and lost wages. This Defendant released a new version of the Jump scooter subsequent to this occurrence in or about June 24, 2019, that contained, among other things, a new brake system including hand brakes.

**WHEREFORE**, Plaintiff, demands judgment against Defendant SOCIAL BICYCLES LLC in an amount in excess of Seventy-Five Thousand Dollars (>$75,000.00), plus costs, pre-judgment interest and post-judgment interest.

### COUNT V
### PRODUCTS LIABILITY- DEFECT IN MANUFACTURE
### PLAINTIFF v. DEFENDANT UBER TECHNOLOGIES, INC.

27. Plaintiff hereby incorporates by reference and re-alleges all paragraphs within this Complaint as if fully set forth herein.

28. This Defendant is engaged in the design, manufacture, and sale/renting of rentable electric scooters for use by the general public, known as Jump Scooters.

29. On or about May 8, 2019, the Plaintiff rented a Jump Scooter owned by this Defendant.

30. The scooter rented by the Plaintiff was designed, manufactured, and rented by the Defendant.

31. The scooter was placed into the stream of commerce and rented by this Defendant in a defective and unreasonably dangerous condition in that the scooter contained a latent manufacturing flaw which resulted in the brakes failing to work when the Plaintiff applied them on or about May 8, 2019.

32. The scooter reached the Plaintiff without any substantial change in its condition and was in the same condition at the time of the injury herein alleged.

33. On or about May 8, 2019, while the Plaintiff was using the scooter in a foreseeable manner, the brakes failed to function properly, leading to the Plaintiff's injuries alleged herein.

34. The Plaintiff's injuries to his ankle occurred because of a defect in the manufacture of the scooter. If the scooter had not had the defect in manufacture alleged herein, Plaintiff's injuries would not have occurred.

35. As a result of the defect described above, Plaintiff suffered extreme pain and agony, which continues to the present and will continue to do so. The Plaintiff has incurred medical expenses and lost wages. This Defendant released a new version of the Jump scooter subsequent to this occurrence in or about June 24, 2019, that contained, among other things, a new brake system including hand brakes.

**WHEREFORE,** Plaintiff, demands judgment against Defendant UBER TECHNOLOGIES, INC. in an amount in excess of Seventy-Five Thousand Dollars (>$75,000.00), plus costs, pre-judgment interest and post-judgment interest.

## COUNT VI
## PRODUCTS LIABILITY- DEFECT IN MANUFACTURE
## PLAINTIFF v. DEFENDANT UBER USA, LLC.

36. Plaintiff hereby incorporates by reference and re-alleges all paragraphs within this Complaint as if fully set forth herein.

37. This Defendant is engaged in the design, manufacture, and sale/renting of rentable electric scooters for use by the general public, known as Jump Scooters.

38. On or about May 8, 2019, the Plaintiff rented a Jump Scooter owned by this Defendant.

39. The scooter rented by the Plaintiff was designed, manufactured, and rented by the Defendant.

40. The scooter was placed into the stream of commerce and rented by this Defendant in a defective and unreasonably dangerous condition in that the scooter contained a latent manufacturing flaw which resulted in the brakes failing to work when the Plaintiff applied them on or about May 8, 2019.

41. The scooter reached the Plaintiff without any substantial change in its condition and was in the same condition at the time of the injury herein alleged.

42. On or about May 8, 2019, while the Plaintiff was using the scooter in a foreseeable manner, the brakes failed to function properly, leading to the Plaintiff's injuries alleged herein.

43. The Plaintiff's injuries to his ankle occurred because of a defect in the manufacture of the scooter. If the scooter had not had the defect in manufacture alleged herein, Plaintiff's injuries would not have occurred.

44. As a result of the defect described above, Plaintiff suffered extreme pain and agony, which continues to the present and will continue to do so. The Plaintiff has incurred medical expenses and lost wages. This Defendant released a new version of the Jump scooter

8

subsequent to this occurrence in or about June 24, 2019, that contained, among other things, a new brake system including hand brakes.

**WHEREFORE**, Plaintiff, demands judgment against Defendant UBER USA, LLC in an amount in excess of Seventy-Five Thousand Dollars (>$75,000.00), plus costs, pre-judgment interest and post-judgment interest.

**COUNT VII**
**PRODUCTS LIABILITY- DEFECT IN DESIGN**
**PLAINTIFF v. DEFENDANT SOCIAL BICYCLES LLC**

45. Plaintiff hereby incorporates by reference and re-alleges all paragraphs within this Complaint as if fully set forth herein.

46. This Defendant is engaged in the design, manufacture, and sale/renting of rentable electric scooters for use by the general public, known as Jump Scooters.

47. On or about May 8, 2019, the Plaintiff rented a Jump Scooter owned by this Defendant.

48. The scooter rented by the Plaintiff was designed, manufactured, and rented by the Defendant.

49. The scooter was placed into the stream of commerce and rented by this Defendant in a defective and unreasonably dangerous condition in that the design of the scooter was such that it failed to incorporate in the saw a hand brake system which would protect the user of the scooter if the braking system failed to function as designed.

50. The scooter reached the Plaintiff without any substantial change in its condition and was in the same condition at the time of the injury herein alleged.

51. On or about May 8, 2019, while the Plaintiff was using the scooter in a foreseeable manner, the brakes failed to function properly, leading to the Plaintiff's injuries alleged herein.

52. The Plaintiff's injuries to his ankle occurred because of a defect in the design of the scooter. If the scooter had not had the defect in design alleged herein, Plaintiff's injuries would not have occurred.

53. As a result of the defect described above, Plaintiff suffered extreme pain and agony, which continues to the present and will continue to do so. The Plaintiff has incurred medical expenses and lost wages. This Defendant released a new version of the Jump scooter subsequent to this occurrence in or about June 24, 2019, that contained, among other things, a new brake system including hand brakes that provides the user with a means to brake the scooter in the event that the braking system fails to function.

**WHEREFORE**, Plaintiff, demands judgment against Defendant SOCIAL BICYCLES LLC in an amount in excess of Seventy-Five Thousand Dollars (>$75,000.00), plus costs, pre-judgment interest and post-judgment interest.

<u>**COUNT VIII**</u>
<u>**PRODUCTS LIABILITY- DEFECT IN DESIGN**</u>
<u>**PLAINTIFF v. DEFENDANT UBER TECHNOLOGIES, INC.**</u>

54. Plaintiff hereby incorporates by reference and re-alleges all paragraphs within this Complaint as if fully set forth herein.

55. This Defendant is engaged in the design, manufacture, and sale/renting of rentable electric scooters for use by the general public, known as Jump Scooters.

56. On or about May 8, 2019, the Plaintiff rented a Jump Scooter owned by this Defendant.

57. The scooter rented by the Plaintiff was designed, manufactured, and rented by the Defendant.

58. The scooter was placed into the stream of commerce and rented by this Defendant in a defective and unreasonably dangerous condition in that the design of the scooter was such

that it failed to incorporate in the saw a hand brake system which would protect the user of the scooter if the braking system failed to function as designed.

59. The scooter reached the Plaintiff without any substantial change in its condition and was in the same condition at the time of the injury herein alleged.

60. On or about May 8, 2019, while the Plaintiff was using the scooter in a foreseeable manner, the brakes failed to function properly, leading to the Plaintiff's injuries alleged herein.

61. The Plaintiff's injuries to his ankle occurred because of a defect in the design of the scooter. If the scooter had not had the defect in design alleged herein, Plaintiff's injuries would not have occurred.

62. As a result of the defect described above, Plaintiff suffered extreme pain and agony, which continues to the present and will continue to do so. The Plaintiff has incurred medical expenses and lost wages. This Defendant released a new version of the Jump scooter subsequent to this occurrence in or about June 24, 2019, that contained, among other things, a new brake system including hand brakes that provides the user with a means to brake the scooter in the event that the braking system fails to function.

**WHEREFORE,** Plaintiff, demands judgment against Defendant UBER TECHNOLOGIES, INC. in an amount in excess of Seventy-Five Thousand Dollars (>$75,000.00), plus costs, pre-judgment interest and post-judgment interest.

## COUNT IX
## PRODUCTS LIABILITY- DEFECT IN DESIGN
## PLAINTIFF v. DEFENDANT UBER USA, LLC.

63. Plaintiff hereby incorporates by reference and re-alleges all paragraphs within this Complaint as if fully set forth herein.

64. This Defendant is engaged in the design, manufacture, and sale/renting of rentable electric scooters for use by the general public, known as Jump Scooters.

65. On or about May 8, 2019, the Plaintiff rented a Jump Scooter owned by this Defendant.

66. The scooter rented by the Plaintiff was designed, manufactured, and rented by the Defendant.

67. The scooter was placed into the stream of commerce and rented by this Defendant in a defective and unreasonably dangerous condition in that the design of the scooter was such that it failed to incorporate in the saw a hand brake system which would protect the user of the scooter if the braking system failed to function as designed.

68. The scooter reached the Plaintiff without any substantial change in its condition and was in the same condition at the time of the injury herein alleged.

69. On or about May 8, 2019, while the Plaintiff was using the scooter in a foreseeable manner, the brakes failed to function properly, leading to the Plaintiff's injuries alleged herein.

70. The Plaintiff's injuries to his ankle occurred because of a defect in the design of the scooter. If the scooter had not had the defect in design alleged herein, Plaintiff's injuries would not have occurred.

71. As a result of the defect described above, Plaintiff suffered extreme pain and agony, which continues to the present and will continue to do so. The Plaintiff has incurred medical expenses and lost wages. This Defendant released a new version of the Jump scooter subsequent to this occurrence in or about June 24, 2019, that contained, among other things, a new brake system including hand brakes that provides the user with a means to brake the scooter in the event that the braking system fails to function.

**WHEREFORE,** Plaintiff, demands judgment against Defendant UBER USA, LLC in an amount in excess of Seventy-Five Thousand Dollars (>$75,000.00), plus costs, pre-judgment interest and post-judgment interest.

Respectfully Submitted,

*[signature]*

Aleksandr Binder, Esq. (AIS #1706010001)
Robert K. Stegman III, Esq. (AIS #1212130185)
Dean G. Fleyzor, Esq. (AIS #1606210076)
The Killian Law Group, LLC
Dolfield Office Park
400 Redland Court, Suite 204
Owings Mills, Maryland 21117
Phone: (443) 600-5540
Fax: (443) 378-8877
Email: attorney@killianlawgroup.com
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

| | |
|---|---|
| GEORGE WILSON<br>301 W. MADISON AVENUE #502<br>BALTIMORE, MD 21201<br><br>*Plaintiff*<br><br>v.<br><br>SOCIAL BICYCLES LLC<br>Serve On: THE CORPORATION TRUST<br>INC., RESIDENT AGENT<br>2405 YORK ROAD SUITE 201<br>LUTHERVILLE-TIMONIUM, MD 21093<br><br>and<br><br>UBER TECHNOLOGIES, INC. D/B/A<br>JUMP TECHNOLOGIES, INC.<br>Serve On: THE CORPORATION TRUST<br>INC., RESIDENT AGENT<br>2405 YORK ROAD SUITE 201<br>LUTHERVILLE-TIMONIUM, MD 21093<br><br>and<br><br>UBER USA, LLC.<br>Serve On: THE CORPORATION TRUST<br>INC., RESIDENT AGENT<br>2405 YORK ROAD SUITE 201<br>LUTHERVILLE-TIMONIUM, MD 21093<br><br>*Defendants* | CASE NO.: TBD |

## REQUEST FOR TRIAL BY JURY

The Plaintiff requests a trial by jury in this matter.

Respectfully Submitted,

Aleksandr Binder, Esq. (AIS #1706010001)
Robert K. Stegman III, Esq. (AIS #1212130185)
Dean G. Fleyzor, Esq. (AIS #1606210076)
The Killian Law Group, LLC
Dolfield Office Park
400 Redland Court, Suite 204

14

Owings Mills, Maryland 21117
Phone: (443) 600-5540
Fax: (443) 378-8877
Email: attorney@killianlawgroup.com
*Attorneys for Plaintiff*